FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| FATHER FLANAGAN'S BOYS' HOME, | ) | CASE NO. 1:08CV103JCC/JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| BOYSTOWN.COM, *IN REM*, OR | ) | |
| TUCOWS INC., *IN PERSONAM*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Father Flanagan's Boys' Home ("Boys Town"), by and through its attorneys, for its Complaint against Tucows Inc. ("Defendant"), *in personam*, and, in the alternative, against Boystown.com ("Domain Name"), *in rem*, states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Supplemental jurisdiction over claims arising under the law of the Commonwealth of Virginia is conferred upon this Court under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has conducted business with residents and businesses in this District.

3. In the alternative, this Court has *in rem* jurisdiction over the Domain Name pursuant to 15 U.S.C. § 1125(d)(2), as the Domain Name constitutes personal property located within the territorial jurisdiction of the U.S. and this District.

4. Venue is proper in this Court pursuant to 15 U.S.C. 1125(d)(2) because the property at issue, the Domain Name, resides at the domain name registry, Versign, Inc., which has offices located in this District.

## THE PARTIES

5.      Boys Town is, and at all times mentioned in this Complaint was, a non-profit Nebraska corporation with its principal place of business at 14100 Crawford Street, Boys Town, Nebraska 68010.

6.      On information and belief, Defendant is a Pennsylvania corporation, with offices at 900 W. Valley Road, Wayne, Pennsylvania 19087.

## DOMAIN NAME REGISTRAR AND REGISTRY

7.      The registrar for the Domain Name is Tucows Inc., a Pennsylvania corporation with offices at 900 W. Valley Road, Wayne, Pennsylvania 19087.

8.      The registry for the Domain Name is VeriSign, Inc., a Delaware corporation with its principal place of business at 487 East Middlefield Road, Mountain View, California 94043.

9.      Upon information and belief, VeriSign, Inc.'s registry services are located at 21355 Ridgetop Circle - Lakeside III, Dulles, VA 20166 and/or 21345 Ridgetop Circle - Lakeside II, Dulles, VA 20166.

## THE FACTS

10.      Ninety years ago, Boys Town was founded to provide housing, care, support and educational services for at-risk youth through state of the art child care programs, clinical services and research (the "Services").

11.      Since at least as early as July 1944, Boys Town has marketed and rendered its Services under the trademark and service mark, BOYS TOWN (the "Boys Town Mark").

12.      To supplement its common law rights, Boys Town has registered and seeks to register the Boys Town Mark alone and in connection with other words and designs with the United States Patent and Trademark Office.  Those registration and applications include:

2

a.     Incontestable U.S. Reg. No. 1,075,701 for the Boys Town Mark, registered on October 18, 1977 for "educational services-namely, offering general classroom instruction for boys at the primary and secondary levels, vocational instruction for boys, and instruction for educators, social workers and the like concerning juvenile care and development" in International Class 41; and "juvenile custodial care services-namely, providing a home for homeless, abandoned boys; research services performed to the order of others concerning juvenile life problems and communication disorders; development of juvenile care and development programs for use by others" in International Class 42;

b.     Incontestable U.S. Reg. No. 1,334,772 for the Boys Town Mark with design, registered on May 7, 1985 for "educational services-namely, offering general classroom instruction for boys at the primary and secondary levels, vocational instruction for boys, and instruction for educators, social workers and the like concerning juvenile care and development" in International Class 41; and "juvenile custodial care services-namely, providing a home for homeless, abandoned boys; research services performed to the order of others concerning juvenile life problems and communication disorders: development of juvenile care and development programs for use by others" in International Class 42;

c.     Incontestable U.S. Reg. No. 2,019,149 for BOYS TOWN USA, registered on November 26, 1996 for "educational services, namely, a series of interactive educational workshops for parents dealing with the needs of the family" in International Class 41; and "family counseling and providing

3

homes and emergency shelters for children" in International Class 42;

d.  Incontestable U.S. Reg. No. 2,286,522 for BOYS TOWN USA CARENET, registered on October 12, 1999 for "Educational services, namely, conducting workshops in the field of social behavior" in International Class 41 and "Information services in the field of health; administration of health care services; behavior health care services; medical services; family counseling and providing homes and emergency shelters for children" in International Class 42;

e.  U.S. Reg. No. 2,608,641 for GIRLS AND BOYS TOWN, registered on August 20, 2002 for "educational services, namely, providing courses of instruction in the primary and secondary levels for youth" in International Class 41; and "behavioral treatment programs and counseling services for youth; charitable outreach program services for youth and families; consultation services relating to the care and treatment of youth; and research services relating to youth and family issues" in International Class 42;

f.  U.S. Reg. No. 2,661,728 for GIRLS AND BOYS TOWN with design, registered on December 17, 2002 for "educational services, namely conducting workshops, conferences, seminars or classes in the fields of social behavior, juvenile care, teaching and parenting; conducting general classroom instruction for boys and girls at the primary and secondary levels; research, information and consultation services in the field of teaching" in International Class 41; and "behavioral treatment services for youth; juvenile custodial care services, providing homes and emergency

4

shelters for children; charitable outreach services for youth and families; research, information and consultation services in the fields of social behavior, juvenile care, namely, health care and parenting; youth and family counseling services; development of juvenile care, development and educational programs for use by others" in International Class 42;

g.   U.S. App. No. 77/335,688 for the Boys Town Mark with design, filed on November 21, 2007 for "educational publications, namely books, hand-outs and magazines in the field of classroom and vocational instruction for children at the primary and secondary levels, instruction for educators and social workers concerning juvenile care and development, family counseling, behavior health care services, medical services, and administration of health care services" in International Class 16; "clothing" in International Class 25; "charitable fundraising services" in International Class 36; "educational services, namely, offering general classroom and vocational instruction for children at the primary and secondary levels and instruction for educators and social workers in the field of juvenile care and development, conducting a series of interactive educational workshops for parents dealing with the needs of a family and workshops in the field of social behavior, and providing information in the field of health care, administration of health care services, behavioral health care services, medical services, family counseling, and juvenile custodial care" in International Class 41; "research services in the field of childhood deafness, childhood visual impairment and childhood development and communication disorders" in International Class 42;

"providing homes and emergency shelters for children; juvenile custodial care services" in International Class 43; "medical services" in International Class 44; and "family counseling services" in International Class 45;

h.    U.S. Reg. No. 3,354,880 for FATHER FLANAGAN'S GIRLS AND BOYS TOWN JOURNAL registered on December 18, 2007 for "newsletters in the field of educational services, namely, offering general classroom instruction for boys at the primary and secondary levels, of vocational instruction for boys, and of instruction for educators, social workers and the like concerning juvenile care and development and juvenile custodial care services, namely, providing a home for homeless, abandoned boys, in the field of research services performed to the order of others concerning juvenile life problems and communication disorders, and in the field of development of juvenile care and development of programs for use by others" in International Class 16;

i.    U.S. App. No. 77/335,680 for BOYS TOWN SAVING CHILDREN HEALING FAMILIES and design, filed on November 21, 2007 for "educational publications, namely books, hand-outs and magazines in the field of classroom and vocational instruction for children at the primary and secondary levels, instruction for educators and social workers concerning juvenile care and development, family counseling, behavior health care services, medical services, and administration of health care services" in International Class 16; "clothing" in International Class 25; "charitable fundraising services" in International Class 36; "educational

6

services, namely, offering general classroom and vocational instruction for children at the primary and secondary levels and instruction for educators and social workers in the field of juvenile care and development, conducting a series of interactive educational workshops for parents dealing with the needs of a family and workshops in the field of social behavior, and providing information in the field of health care, administration of health care services, behavioral health care services, medical services, family counseling, and juvenile custodial care" in International Class 41; "research services in the field of childhood deafness, childhood visual impairment and childhood development and communication disorders" in International Class 42; "providing homes and emergency shelters for children; juvenile custodial care services" in International Class 43; "medical services" in International Class 44; and "family counseling services" in International Class 45;

j.    U.S. App. No. 77/014,448 for GIRLS AND BOYS TOWN HELP ● HEALING ● HOPE with design, filed on October 5, 2006 for "newsletters in the following fields: educational services, namely, general classroom instruction for boys at the primary and secondary levels, vocational instruction for boys, and instruction for educators, social workers and the like concerning juvenile care and development and juvenile custodial care services, namely, providing a home for homeless, abandoned boys, research services performed to the order of others concerning juvenile life problems and communication disorders, and development of juvenile care and educational programs for use by others" in International Class 16;

"educational research for others concerning teaching children with social and communication disorders; educational services, namely, conducting workshops, conferences, seminars or classes in the fields of social behavior, juvenile care, teaching and parenting; conducting general classroom instruction for boys and girls at the primary and secondary levels; research, information and consultation services in the field of teaching; development of educational programs for use by others in the fields of social behavior, juvenile care, parenting and teaching children with social and communication disorders" in International Class 41; "medical and psychological research for others concerning juveniles with social and communication disorders; research in the field of social behavior and juvenile care, namely, health care and parenting" in International Class 42; "child care services; juvenile custodial care services, namely, providing emergency shelter services in the nature of temporary housing; development of juvenile care programs for others" in International Class 43; "psychological counseling services, namely, behavioral treatment services for youth; information and consultation services in the fields of social behavior and juvenile care, namely, health care and family counseling; youth and family psychological counseling services" in International Class 44; and "foster care services, namely, providing homes for children" in International Class 45;

k.   U.S. App. No. 77/014,481 for THE ORIGINAL FATHER FLANAGAN'S BOYS' HOME GIRLS AND BOYS TOWN HELP ● HEALING ● HOPE with design for "newsletters in the following fields: educational services,

namely, general classroom instruction for boys at the primary and secondary levels, vocational instruction for boys, and instruction for educators, social workers and the like concerning juvenile care and development and juvenile custodial care services, namely, providing a home for homeless, abandoned boys, research services performed to the order of others concerning juvenile life problems and communication disorders, and development of juvenile care and educational programs for use by others" in International Class 16; "educational research for others concerning teaching children with social and communication disorders; educational services, namely, conducting workshops, conferences, seminars or classes in the fields of social behavior, juvenile care, teaching and parenting; conducting general classroom instruction for boys and girls at the primary and secondary levels; research, information and consultation services in the field of teaching; development of educational programs for use by others in the fields of social behavior, juvenile care, parenting and teaching children with social and communication disorders" in International Class 41; "medical and psychological research for others concerning juveniles with social and communication disorders; research in the field of social behavior and juvenile care, namely, health care and parenting" in International Class 42; "child care services; juvenile custodial care services, namely, providing emergency shelter services in the nature of temporary housing; development of juvenile care programs for others" in International Class 43; "psychological counseling services, namely, behavioral treatment services for youth; information and

consultation services in the fields of social behavior and juvenile care, namely, health care and family counseling; youth and family psychological counseling services" in International Class 44; and "foster care services, namely, providing homes for children" in International Class 45.

13.     Boys Town serves more than 47,000 children each year under the Boys Town Mark. Boys Town has 18 locations in 13 states and the District of Columbia.

14.     In 1938, the movie production company, Metro-Goldwyn-Mayer, produced and released a movie entitled, "Boys Town," starring Spencer Tracey and Mickey Rooney. The film portrayed life in the Boys Town campus and community for both Father Flanagan and the youth of Boys Town. The film won two Academy Awards, and broke box office records in 1938.

15.     Persons across the United States have long since identified Boys Town's Services with the Boys Town Mark, and the Boys Town Mark has become famous within the meaning of 15 U.S.C. 1125(c)(2).

16.     No earlier than May 28, 1996 and as late as December 17, 2006, Tucows.com Co. registered the Domain Name through the domain name registrar, Tucows Inc., as is indicated by current WHOIS records. "WHOIS" is an international protocol system, whereby the owners and registrars of domain names are identified and cataloged.

17.     Upon information and belief, Tucows.Com Co. changed its name to Tucows Inc.

18.     The Domain Name is identical to, and dilutive of the Boys Town Mark. Long prior to the time that Defendant registered the Domain Name, some of Boys Town's registrations for and containing the Boys Town Mark were incontestable.

19.     Long prior to the time that Defendant registered the Domain Name, the Boys Town Mark was famous within the meaning of 15 U.S.C. 1125(c)(2).

20.     Defendant is a domain name registrar, and a self-described domain name wholesaler.

21.     Upon information and belief, Defendant does not and never has operated under the Boys Town Mark or been known by the Boys Town Mark. Upon information and belief, Defendant has no trademark or intellectual property rights in the Boys Town Mark.

22.     The Domain Name has been parked at Netidentity.com and Searchportalinformation.com for the purposes of offering the Domain Name for sale, offering other Internet services to customers through the Domain Name, and obtaining revenue by redirecting visitors to Boys Town's competitors and other commercial sites.

23.     Defendant uses Netidentity.com to manage a portfolio of surname-based and other domain names to provide customers with domain names and e-mail addresses.

24.     Upon information and belief, Defendant registered the Domain Name solely for the purposes of selling the Domain Name for financial gain, without having used, or having an intent to use, the Domain Name in the bona fide offering of any goods or services under the Mark that is identical to the Domain Name.

25.     In addition, Defendant uses the Boys Town Mark, Boys Town's legal name, and various derivations of the Boys Town Mark on the Web site assigned to the Domain Name.

26.     References to the Boys Town Mark, Boys Town and Boys Town's competitors on one Web site creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site, and dilutes and tarnishes the Boys Town Mark.

27.     Defendant displays a "Bad Boys" link on the Web site associated with the Boys Town Mark, tarnishing the value and goodwill of the Boys Town Mark.

28.     Upon information and belief, Defendant does not use the Boys Town Mark on the Web site assigned to the Domain Name fairly or for bona fide noncommercial purposes.

11

29.     Boys Town has the right to domain names associated with and derived from the Boys Town Mark.  Defendant, however, registered and uses, in bad faith, the Domain Name, which is identical to the Boys Town Mark, creates a likelihood of confusion as to the source, sponsorship affiliation, or endorsement of the Domain Name and the Web site associated with the Domain Name, and dilutes and tarnishes the Boys Town Mark.

30.     Defendant's activities in registering, trafficking in, and using the Domain Name all were conducted in bad faith under the meaning of 15 U.S.C. § 1125(d)(1)(B).

## COUNT ONE

**Cybersquatting, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1), *in personam***

31.     Boys Town alleges again and incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     Defendant has, without regard to the goods and services of the parties, a bad faith intent to profit from the Boys Town Mark by registering, trafficking in, and using the Domain Name that is identical to and dilutive of the Boys Town Mark, which was distinctive and famous at the time Defendant registered the Domain Name.

33.     Defendant's actions violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1).

34.     As a direct and proximate result of the actions, conduct, and practices of Defendant alleged above, Boys Town has been damaged and will continue to be damaged.

## COUNT TWO

**Trademark and Service Mark Infringement**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114(a)**

35.     Boys Town alleges again and incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.     Pursuant to 15 U.S.C. § 1115(a), Boys Town's U.S. registrations enumerated in this Complaint, serve as prima facie evidence of the validity of the Boys Town Mark, of Boys Town's exclusive ownership of the Boys Town Mark, and of Boys Town's exclusive right to use the Boys Town Mark in commerce.

37.     In violation of 15 U.S.C. § 1114, Defendant, without the consent of Boys Town, has used and continues to use the Boys Town Mark in the Domain Name for the purposes of offering the Domain Name for sale, offering other Internet services to customers through the Domain Name, and obtaining revenue by redirecting visitors to Boys Town's competitors and other commercial sites, and such use is likely to cause confusion, or to cause mistake, or to deceive.

38.     Defendant is knowingly using the goodwill established in the Boys Town Mark to profit from the Boys Town Mark, and such unauthorized use constitutes trademark and service mark infringement under 15 U.S.C. § 1114.

39.     Defendant's acts of infringement have caused and are causing great and irreparable injury to Boys Town and the Boys Town Mark and the goodwill represented by the Boys Town Mark in an amount that cannot be ascertained at this time. Unless this infringement is restrained, Defendant's use will cause further irreparable injury leaving Boys Town with no adequate remedy at law.

40.     By reason of such infringement of the Boys Town Mark, Boys Town is entitled to injunctive relief against Defendant, restraining further action and infringement, and to Defendant's profits and to Boys Town's damages proven to have been caused by reason of Defendant's infringement of the Boys Town Mark pursuant to 15 U.S.C. § 1116, 1117. Additionally, Boys Town is entitled to the costs of this action, including attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT THREE

### Unfair Competition and False Advertising
### Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)

41.     Boys Town alleges again and incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.     Defendant advertises competing services in association with the Boys Town Mark through Defendant's use of the Boys Town Mark in the Domain Name, which is identical to the Boys Town Mark, and the associated Web site which contains links to Boys Town, the Boys Town Mark, and to Boys Town's competitors. Defendant's advertisements using the Boys Town Mark falsely suggest that the competing services advertised on the Web site are affiliated with Boys Town, are sponsored or approved by Boys Town, or are otherwise associated with or authorized by Boys Town. Additionally, Defendant's advertisements of competing services in association with the Boys Town Mark misrepresent the nature, qualities, and characteristics of the competing services.

43.     Defendant's advertising practices constitute false or misleading statements of fact in the commercial advertising of services.

44.     By engaging in the activities described in this Complaint, Defendant has made and is making, in commercial advertising, false, deceptive and misleading statements constituting unfair competition, false representations and false advertising made in connection

14

with services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(B).

45. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Boys Town, the Boys Town Mark, and to the Services and goodwill represented by the Boys Town Mark in an amount that cannot be ascertained at this time, and unless restrained, will cause further irreparable injury, leaving Boys Town with no adequate remedy at law.

46. By reason of such unfair competition and false advertising, Boys Town is entitled to injunctive relief against Defendant, restraining further action and infringement, and to Defendant's profits and to Boys Town's damages proven to have been caused by reason of Defendant's infringement of the Boys Town Mark pursuant to 15 U.S.C. §§ 1116, 1117. Additionally, Boys Town is entitled to the costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117.

## COUNT FOUR

### Dilution, 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

47. Boys Town alleges again and incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. The Boys Town Mark is famous and became famous prior to the time that Defendant registered the Domain Name that is identical to, confusingly similar to, and dilutive of the Boys Town Mark.

49. Defendant has used and continues to use the Boys Town Mark in the Domain Name for the purposes of offering the Domain Name for sale, offering other Internet services to customers through the Domain Name, and obtaining revenue by redirecting visitors to Boys Town's competitors and other commercial sites, and such use is likely to cause dilution of the Mark by blurring and tarnishing in violation of 15 U.S.C. § 1125(c).

50.     Defendant is aware of Boys Town's rights in the Boys Town Mark as is shown by the fact that Defendant references Boys Town and the Boys Town Mark on the Web site associated with the Domain Name.   Therefore, Defendant's unlawful use of the Boys Town Mark, which is likely to cause dilution of the Boys Town Mark by blurring and tarnishing, is willful.

51.     By reason of such willful dilution of the Boys Town Mark, Boys Town is entitled to injunctive relief against Defendant, restraining further action and infringement, and to Defendant's profits and to Boys Town's damages proven to have been caused by reason of Defendant's infringement of the Boys Town Mark pursuant to 15 U.S.C. §§ 1116, 1117. Additionally, Boys Town is entitled to the costs of this action, including attorneys' fees, pursuant to 15 U.S.C. § 1117.

**COUNT FIVE**

**Common Law Trademark and Service Mark Infringement**

52.     Boys Town alleges again and incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     Boys Town has valid and long established common law rights in the Boys Town Mark as a result of its continuous use of the Boys Town Mark in connection with the advertising, promoting and rendering of its Services under the Boys Town Mark.

54.     Defendant, without the consent of Boys Town, has used and continues to use the Boys Town Mark in the Domain Name for the purposes of offering the Domain Name for sale, offering other Internet services to customers through the Domain Name, and obtaining revenue by redirecting visitors to Boys Town's competitors and other commercial sites, and such use is likely to cause confusion, or to cause mistake, or to deceive.

16

55.     Defendant is knowingly using the goodwill established in the Boys Town Mark to profit from the Boys Town Mark.

56.     Defendant's acts of infringement have caused and are causing great and irreparable injury to Boys Town and the Boys Town Mark and the goodwill represented by the Boys Town Mark in an amount that cannot be ascertained at this time.  Unless this infringement is restrained, Defendant's use will cause further irreparable injury leaving Boys Town with no adequate remedy at law.

57.     By reason of such infringement of the Boys Town Mark, Boys Town is entitled to injunctive relief against Defendant, restraining further action and infringement, and to Defendant's profits and to Boys Town's damages proven to have been caused by reason of Defendant's infringement of the Boys Town Mark.  Additionally, Boys Town is entitled to the costs of this action, including attorneys' fees.

## COUNT SIX

**Cybersquatting, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1), *in rem***

58.     Boys Town alleges again and incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.     This Count Six is alleged in the alternative to all other counts of this Complaint.

60.     Boys Town alleges an inability to obtain personal jurisdiction over Defendant, and therefore invokes the provisions of 15 U.S.C. § 1125(d)(2) naming the Domain Name as an in rem defendant, preserving all in personam claims pursuant to 15 U.S.C. § 1125(d)(1).

61.     VeriSign, Inc. is the registry for the Domain Name, and has offices in this District.  Therefore, the Domain Name is deemed to have its situs in this District.

62.     Boys Town has sent a copy of this Complaint and notice of the filing of this Complaint to VeriSign, Inc. as required by 15 U.S.C. § 1125(d)(2)(D).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Father Flanagan's Boys' Home, prays this Court enter judgment in Boys Town's favor, and further prays for an award to Boys Town of:

1.      A preliminary and permanent injunction and judgment ordering the transfer of the registration and control of the Domain Name to Boys Town;

2.      A preliminary and permanent injunction and judgment enjoining and restraining Defendant from using in any manner the Boys Town Mark or any colorable imitation of the Boys Town Mark, or anything confusingly similar thereto, including any use in Internet domain names, Web sites, or Internet marketing;

3.      An accounting to Boys Town for Defendant's profits arising from the foregoing acts of infringement, false advertising, false designation of origin, unfair competition, and dilution;

4.      Pursuant to 15 U.S.C. § 1117(a), an Order requiring Defendant to pay Boys Town three times the greater of (a) Boys Town's damages, in an amount to be determined at trial; or (b) Defendant's profits, in the accounting demanded in the preceding paragraph.

5.      Pursuant to 15 U.S.C. § 1117(a), an Order requiring Defendant to pay Boys Town statutory damages in an amount to be determined, but in an amount no less than $100,000.

6.      Pursuant to 15 U.S.C. § 1117(a), an Order allowing Boys Town to recover its costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117(a).

7.      In the alternative to all other remedies requested in this prayer for relief and based on the Court's *in rem* jurisdiction over the Domain Name, a judgment ordering the transfer and control of the registration of the Domain Name to Boys Town.

8.     Such other and further relief as this Court may deem proper.

Attorneys for Plaintiff Father Flanagan's Boys' Home

By: _____

Jordan S. Weinstein (VA Bar No. 36754)
Kyoko Imai (VA Bar No. 48407)
Oblon, Spivak, McClelland, Maier &
Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia  22314
(703) 412-3000
(703) 413-2220 fax
JWeinstein@oblon.com
Kimai@oblon.com

and

Christopher M. Bikus, NE #20951
Michaela A. Smith, NE #22737
Tracy L. Deutmeyer, NE #23262
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
cbikus@mcgrathnorth.com
msmith@mcgrathnorth.com
tdeutmeyer@mcgrathnorth.com

I:\ATTY\JSW\BOYS TOWN\BOYS TOWN DOMAIN NAME COMPLAINT FINAL 1 FEB 08.DOC